Filed 10/18/21  P. v. Gomez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANGELINA GOMEZ,<br><br>    Defendant and Appellant. | F079850<br><br>(Super. Ct. No. F17907259)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

Tyrone Sandoval, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Melissa Lipon, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Peña, Acting P. J., Meehan, J. and DeSantos, J.

Appellant Angelina Gomez was convicted, following a jury trial, of assault with a deadly weapon, to wit, a vehicle (Pen. Code,[1] § 245, subd. (a)(1)) and leaving the scene of an accident resulting in injury (Veh. Code, § 20001, subd. (a)). The trial court placed appellant on three years of formal probation.

On appeal, appellant contends her term of probation must be modified to two years pursuant to section 1203.1, subdivision (a), as amended by Assembly Bill No. 1950 (2019−2020 Reg. Sess.) (Assembly Bill 1950). Respondent agrees appellant is entitled to relief pursuant to Assembly Bill 1950. We modify appellant's term of probation to two years. As modified, we affirm.

## RELEVANT PROCEDURAL BACKGROUND

Because they are irrelevant to the issue on appeal, we do not summarize the facts underlying appellant's convictions.

Appellant was sentenced on November 13, 2019. The court found that unusual circumstances justified a grant of probation and suspended imposition of a three-year prison term. The court ordered three years of formal probation with 91 days in custody and 60 days on the adult work program. The court ordered various terms and conditions of probation including successful completion of an anger management program, prohibition of driving a motor vehicle (Veh. Code, § 13351.5), enrollment in any mental health services as directed by probation, and writing an apology letter to both the victim and another individual involved with the circumstances of the case.

The court set a probation review hearing and advised appellant she would be expected to present the court with progress reports from her anger management class and the adult work program, as well as the letters she was to write.

---

[1] All further undesignated statutory references are to the Penal Code.

# DISCUSSION

Assembly Bill 1950 went into effect on January 1, 2021, while this appeal was pending. It amended section 1203.1 to limit the probation period for most felony violations to two years. (§ 1203.1.) The parties agree Assembly Bill 1950 applies to appellant, as do we.

"[T]he … limitation[s] on … probation set forth in Assembly Bill [] 1950 [are] ameliorative change[s] to the criminal law that [are] subject to the [*In re*] *Estrada* [(1965) 63 Cal.2d 740] presumption of retroactivity." (*People v. Sims* (2021) 59 Cal.App.5th 943, 963–964; accord, *People v. Quinn* (2021) 59 Cal.App.5th 874, 883–885.) Therefore, the amendment to section 1203.1 applies to all cases not final on Assembly Bill 1950's effective date. (*In re Estrada*, at p. 742.)

Appellant's case was not final as of January 1, 2021, and she was sentenced to a term of felony probation exceeding two years for an offense that is not exempt from the two-year limit on felony probation. (§§ 1203.1, subd. (m), 667.5, subd. (c).) We therefore accept respondent's concession that Assembly Bill 1950 applies to appellant.

The parties disagree on the appropriate remedy. Appellant argues we can and should reduce her probation period from three years to two years. Respondent argues we should remand for the trial court to reduce appellant's probationary term and "make any necessary adjustment to the terms and conditions." (Unnecessary capitalization omitted.) We agree with appellant.

Respondent reasons that our reducing appellant's probationary term "deprives the superior court and the parties of a necessary determination of the status of the probation at the time it was terminated." Respondent suggests without much explanation that our reducing the probationary term would interfere with any potential dismissal proceedings conducted pursuant to section 1203.4.[2] Respondent states that remand would allow the

---

[2]   Section 1203.4 allows a probationer to move the court to set aside a guilty verdict and dismiss the information against the defendant, resulting in release from all penalties

3.

trial court to "adjust, modify, or strike probation terms, so that they can be complied with before termination of probation or removed from consideration of whether the probation terminated successfully" and "determine the date probation terminated or will terminate under the new law, and whether conditions remained unmet." Respondent further contends remand is necessary because this court "cannot determine from the appellate record whether a probation-tolling revocation is underway, whether the probationer has outstanding community service hours, failed a recent drug test, expressly agreed to an extension of probation to achieve a goal or complete a program, was making scheduled restitution payments, or made the most of probation early on and deserves to be successfully discharged without term modifications."

We are not persuaded by respondent's reasoning. Respondent appears to be conflating reduction of the probationary term with termination of probation. Reducing appellant's probation will not deprive the trial court of its authority to determine whether appellant successfully completed probation, or whether appellant has met the requirements necessitating dismissal under section 1203.4 in the event appellant applies for such relief, or whether a violation during the proper probationary period justifies revocation or tolling. Nor would it limit respondent's ability to contest termination, as the trial court retains jurisdiction to modify or terminate probation. (§ 1203.3, subd. (a); see *People v. Quinn*, *supra*, 59 Cal.App.5th at pp. 879–885 & fn. 6 [modifying the term of probation without remanding for resentencing].)

As such, we agree with appellant that the proper remedy is for this court to reduce the term of probation.

---

and disabilities resulting from the offense with certain exceptions. If the probationer has successfully completed probation, relief under this section is mandatory, but a court may also provide discretionary relief in the interests of justice. The probationer also must not be serving a sentence for, on probation for, or charged with the commission of any other offense.

4.

## DISPOSITION

Appellant's probation is reduced to a term of two years.  The trial court is directed to issue an amended minute order reflecting this modification, and to notify the probation department of the change to appellant's term of probation.  The judgment is affirmed in all other respects.